`UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

G‍UILLERMO A‍LFONSO S‍ALAZAR,

              Petitioner,              Case No. 1:20-cv-1136

v.                                          Honorable Robert J. Jonker

T. J‍OHNS et al.,

              Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. A federal district court must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

**I.      Factual allegations**

Petitioner Guillermo Alfonso Salazar is incarcerated with the Federal Bureau of Prisons at the North Lake Correctional Institution in Baldwin, Michigan.[1]  Petitioner seeks to challenge the November 27, 2018, BOP facility finding that he was guilty of violating Offense Code 108 which prohibits the "possession, manufacture, introduction, or loss of a hazardous tool." 28 C.F.R. § 541.3.  In Petitioner's case, the "hazardous tool" was a cell phone.  Because the punishment included loss of 41 days of good conduct time, Petitioner may raise the issue under § 2241 in the venue where BOP is holding him.

Petitioner attached the Federal Bureau of Prisons (BOP) Incident Report to his petition.  Reporting Correctional Officer N. Miller described the incident as follows:

> On 1-8-2020 at approximately 1530 hours while processing incoming inmate property I, Correctional Officer N. Miller, discovered one silver Samsung smart phone concealed within an envelope in the property of inmate Salazar, Guillermo Alfonso #89556-012.  The property of Salazar arrived at North Lake Correctional Facility from FCI Fort Dix on 1-8-2020.  Upon discovering the smart phone I asked Salazar if he had hidden anything else in his property, and he told me to check a specific sock.  When I searched the sock from Salazar's property it contained one white and black altered charging cable, and Salazar explained to me that he used the cable to charge the phone by removing the battery from the phone and connecting via the cable to another charged device.  Next to the charger on the table was a brown fabric pouch containing a "C" shaped magnet, and Salazar demonstrated to me how he used the pouch to conceal the phone and charger by using the magnet to hold it on the underside of a metal surface.  I confiscated the contraband and presented the confiscation form to inmate Salazar which he signed to claim ownership of the smart phone, charging cable, and magnet. Salazar was medically assessed and placed in the Restricted Housing Unit.  Salazar was identified by his institutional identification card.

(Incident Report, ECF No. 1-2, PageID.21.)

---

[1] Defendant is serving a 240-month sentence imposed on April 20, 2010, by Senior District Judge Patrick Duffy of the District of South Carolina for three drug crimes.  Defendant is an alien subject to deportation upon completion of the sentence.

The Incident Report was reviewed by the Unit Discipline Committee comprised of two BOP staff members, Ms. Gatt and Ms. Fisher. Under the BOP Inmate Discipline Program, the Unit Discipline Committee (UDC) reviews the incident report once the staff investigation of the report is complete. 28 C.F.R. § 541.7. The inmate is permitted to appear before the UDC during the review. The UDC can decide whether the inmate committed or did not commit the act; and, based on the seriousness of the charged offense, may refer the incident report to the Discipline Hearing Officer (DHO) for further review. For Greatest or High Severity offenses, the UDC automatically refers the incident report to the DHO. Petitioner's charged offense was a "Greatest Severity" offense, 28 C.F.R. 541.3, so the UDC referral to the DHO was automatic. Moreover, the UDC is not permitted to impose the entire range of sanctions; for example, the UDC may not order the loss of good conduct sentence credit, a sanction which is mandatory for the offense charged.

Petitioner contends that neither Gatt nor Fisher were from his unit; therefore, they were not eligible to serve as his UDC. There is nothing in the regulation that supports that contention, and Petitioner offers no authority to support his claim. The regulation provides only that the UDC will consist of two or more "staff." 28 C.F.R. 541.7(b). "Staff," in turn, is defined to be "any employee of the Bureau of Prisons or Federal Prison Industries, Inc." 28 C.F.R. § 500.1(b). Petitioner also contends that staff members who conduct UDC reviews must complete a self-study program to be certified to serve on a UDC under the BOP program statement for inmate discipline, BOP Program Statement 5270.09.

Discipline Hearing Officer Michael Gilbert held Petitioner's hearing on January 15, 2020. (DHO Report, ECF No. 1-2, PageID.22-24.) Petitioner was provided notice of the hearing one week before it was held. According to Gilbert's report, at the hearing, Petitioner again

3

admitted ownership of the cell phone. The DHO found Petitioner guilty and provided a written statement of the specific evidence upon which he relied. Petitioner's sanctions included the loss of 41 days of good conduct sentence credit, 3 months loss of phone and commissary privileges, and 30 days of disciplinary segregation.

Petitioner claims that the DHO provided the wrong appeal form to Petitioner. Petitioner attempted to appeal the decision, the correct form was not made available to him until July of 2020. Petitioner has attempted to pursue his appeals to no avail.

Petitioner filed this petition on November 23, 2020, raising five habeas claims. The Court quotes them here verbatim:

> I. The petitioner's Discipl[i]nary Committee ("UDC") Review was conducted by Charley and Delta Unit Team Staff, and no[t] by Echo Unit Staff members where the petitioner is housed and was housed when he received the Incident Report. Only the Unit Staff members where the petitioner is housed are permitted by Law and the Bureau of Prisons ("BOP") policy and their Program Statements and the Code of Federal Regulations Title 28, Section 541.7, Section (b), which states that "only one Unit Staff member is required to hold an Initial Review when the Incident Report is required by policy to be referred to the DHO (Disciplinary Hearing Officer) to conduct a UDC hearing, thus, by conducting and performing the UDC Review these Staff members who are from a different Unit where the petitioner is housed it become a violation of the petitioner's Due Process Rights.
>
> II. Any Staff member that conducts a UDC Review and a DHO Hearing must complete the self-study program study for UDC Certification as well as a Certification for a Disciplinary Hearing Officer (DHO) as required by Law and the BOP policy. It is also clear pursuant to the CFR Title 28, Section 541.7(b) that Staff conducting the UDC Review cannot and will not be victims, investigators or otherwise significantly involved in the incident.
>
> III. The DHO Officer fail[ed] to provide the petitioner with the UDC Review Findings or the UDC Report of their Review, and also the DHO Officer fail[ed] to provide the petitioner with the proper forms for his appeal, the BP-230 Form or formally a BP-11 or the form for appealing his Incident Report to the right Agency which by policy is the BOP Central Office.
>
> IV. Items found (smartphone, charging cable and magnet) in the petitioner's box with the BP-A0383 Form or Inmate Property Record that came from

        the Receiving and Disharging Office ("R&D") at the FCI Fort Dix, East Side, while been processed by the R&D Officer Mr. Miller at the North Lake Correctional Facility ("NLCF") where the petitioner was transferred should be dismissed as these items were never in possession of the petitioner nor did he had custody of these items when he was charged with the Incident Report by the R&D Officer Mr. Miller.

V.      Staff at the North Lake Correctional Facility ("NLCF") fail to provide petitioner with the proper Form a (BP-230 form or formally a BP-11) or the only Form that the petitioner could have appeal[]ed his Incident Report. And, Staff at the BOP Regional and Central Office ignored the petitioner's appeals and denied the petitioner's access to the courts and denied the petitioner's Due Process Rights.

(Pet., ECF No. 1-1, PageID.13 (verbatim).)

## II.    28 U.S.C. § 2241

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255. Nonetheless, a federal prisoner may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). The federal habeas statute provides that the proper respondent for a § 2241 action is "the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004).

A claim concerning the computation of good-conduct time can be addressed in a § 2241 petition. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle . . . for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). Indeed, because a challenge to the loss of good conduct sentence credit involves "the fact or extent of [Petitioner's] confinement," it can only be brought as a habeas petition. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

The Court must conduct a preliminary screening of the petition pursuant to 28 U.S.C. § 2243. Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

5

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  At this stage of the proceedings, the Court accepts Petitioner's factual allegations as true and construes all legal claims in his favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### III. Discussion

#### A. Exhaustion

Before filing a 28 U.S.C. § 2241 petition, an inmate must exhaust his administrative remedies through the BOP's administrative procedures.  *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004).  Based on Petitioner's explanation of the procedural history, it does not appear that he has exhausted his administrative remedies before filing this petition.  To the extent Petitioner's attempts to exhaust have fallen short, the Court will excuse the failure to exhaust and reach the merits.  *Johnson v. Terris*, No. 17-11065, 2017 WL 2798545, at *2 (E.D. Mich. June 28, 2017) ("The exhaustion requirement . . . 'is not statutorily required,' *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 235 (6th Cir. 2006), and, if a petitioner fails to exhaust administrative remedies before filing a § 2241 petition, a District Court may excuse the faulty exhaustion and reach the merits of the petitioner's claims.  *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990)).").

#### B. Due process

The prison disciplinary proceeding at issue here impacted the duration of Petitioner's confinement.  It is for that reason that his challenge to the proceeding is properly raised in a habeas petition.  It is also for that reason, that Petitioner is entitled to due process protection for the disciplinary hearing.  Where the government creates "the right to good time and itself recogniz[es] that its deprivation is a sanction authorized for major misconduct, the prisoner's

6

interest has real substance and is sufficiently embraced within Fourteenth Amendment [or Fifth Amendment] 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the [government]-created right is not arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Stating that Petitioner is entitled to due process protection in connection with the disciplinary proceeding does not define the scope of that protection. The Supreme Court has recognized that the scope of due process protection in the prison disciplinary context may be limited:

> We have often repeated that "[t]he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S., at 895. "[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Ibid.*; *Morrissey*, 408 U.S., at 481. Viewed in this light it is immediately apparent that one cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees or probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison.

*Wolff*, 418 U.S. at 560. The Court concluded that when good time sentence credit was at issue in a prison disciplinary proceeding, a prisoner was entitled to these procedural elements: advanced written notice of the charges; the opportunity to call witnesses and present other evidence in his or her defense; and a written decision explaining the grounds used to determine the sanctions imposed. *Id* at 563-66. Additionally, the Supreme Court has held "that the requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (emphasis supplied).

Petitioner does not contend that he was denied written notice of the charges, the opportunity to call witnesses or present evidence, or a written decision explaining the grounds used to determine the sanctions imposed. Indeed, the DHO Report he attaches to his petition reveals

7

Petitioner was provided notice, an opportunity to be heard, and a written decision. Moreover, although Petitioner invites the Court to view the evidence regarding possession of the cell phone in a way that favors him, Petitioner does not deny that there was some evidence—specifically Petitioner's own admissions—to support the determination that Petitioner had committed the offense and that loss of good conduct sentence credit was an appropriate sanction.

Instead of focusing on the basic hallmarks of due process identified in *Wolff* and *Hill*, Petitioner looks to the requirements of the federal regulations and BOP program statements, identifies provisions that he claims were not satisfied during his disciplinary proceedings, and declares that those shortcomings constitute a denial of due process. Petitioner is simply wrong. As the Supreme Court noted in *Sandin v. Conner*, 515 U.S. 472, 482 (1995), those procedural regulations are not designed to confer constitutional rights on inmates. And, as the Sixth Circuit stated regarding BOP regulations in *Julick v. Snyder-Norris*, No. 16-6652, 2017 WL 5485453 (6th Cir, Mar. 1, 2017), "[a]n agency's failure to adhere to its own policies or guidelines does not constitute a violation of due process." *Id*. at *2; *see also Bonner v. Fed. Bur. of Prisons*, 196 F. App'x 447, 448 (8th Cir. 2006) ("[A] violation of prison regulations in itself does not give rise to a constitutional violation.").

Because Petitioner received the procedural protections mandated under *Wolff*, and because there was "some evidence" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. Therefore, Petitioner has failed to show that his due process rights were violated and his § 2241 petition is properly dismissed.

**IV.     Certificate of Appealability**

The statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process.

8

*Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).  Therefore, the Court need not make such a determination.

## **Conclusion**

The Court will enter a judgment dismissing the petition.

Dated:     December 14, 2020             /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE